1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10   ELIZABETH DOMINGUEZ,          )      NO. EDCV 05-126-CT
                                    )
11                  Plaintiff,      )      OPINION AND ORDER
                                    )
12              v.                  )
                                    )
13   JO ANNE B. BARNHART,           )
     COMMISSIONER, SOCIAL SECURITY  )
14   ADMINISTRATION,                )
                                    )
15                  Defendant.      )
                                    )
16   _____    )

17        For the reasons set forth below, it is ordered that judgment be

18   entered in favor of defendant Commissioner of Social Security ("the

19   Commissioner") because the Commissioner's decision is supported by

20   substantial evidence and is free from material legal error.

21                        **SUMMARY OF PROCEEDINGS**

22        On February 14, 2005, plaintiff Elizabeth Dominguez ("plaintiff"),

23   filed a complaint seeking judicial review of the denial of benefits by

24   the Commissioner pursuant to the Social Security Act ("the Act").   On

25   March 31, 2005, the parties filed a consent to proceed before the

26   magistrate judge.  On June 15, 2005, plaintiff filed a brief in support

27   of the complaint.  On August 15, 2005, the Commissioner filed a brief in

28   opposition to the relief requested in the complaint.

1            **SUMMARY OF ADMINISTRATIVE RECORD**

2    1.   Summary of Proceedings

3         On February 10, 2000, plaintiff filed an application for

4    Supplemental Security Income ("SSI") benefits, alleging disability since

5    January 1, 1998, due to epicondylitis, headaches, and pain in her right

6    knee, right leg, and shoulders.  (TR 106-08, 116).[1]  The application was

7    denied initially and upon reconsideration.  (TR 80-83, 87-91).

8         On December 10, 2002, plaintiff filed a request for a hearing

9    before an administrative law judge ("ALJ").  (TR 93).  On October 9,

10   2003, plaintiff, represented by an attorney, appeared and testified

11   before an ALJ.  (TR 35-77).  The ALJ also considered vocational expert

12   ("VE") testimony.  (TR 71-76).  On December 22, 2003, the ALJ issued a

13   decision that plaintiff is not disabled as defined by the Act because

14   she retains the residual functional capacity ("RFC") to perform medium

15   work activity.  (TR 23-34).  Thus, plaintiff is not eligible for

16   benefits.  (Id.)  On February 2, 2004, plaintiff filed a request with

17   the Social Security Appeals Council to review the ALJ's decision.  (TR

18   17).  On December 10, 2004, the request was denied.  (TR 5-7).

19   Accordingly, the ALJ's December 22, 2003 decision stands as the final

20   decision of the Commissioner.  Plaintiff subsequently sought judicial

21   review in this court.

22   2.   Summary Of The Evidence

23        The ALJ's December 22, 2003 decision materially summarizes the

24   evidence in this case and is contained in the transcript of the record

25

26        [1]"TR" refers to the transcript of the record of
     administrative proceedings in this case and will be followed by
27   the relevant page number(s) of the transcript.

28
                                    2

1 | of administrative proceedings in this case at TR 23-34.

2 | **PLAINTIFF'S CONTENTIONS**

3 |     Plaintiff contends as follows:

4 |     1.    In assessing plaintiff's RFC, the ALJ failed to properly

5 |     consider the treating physician's opinion that plaintiff must

6 |     avoid repetitive motion with her right elbow; and,

7 |     2.    The ALJ did not articulate clear and convincing reasons for

8 |     rejecting plaintiff's testimony.

9 | **STANDARD OF REVIEW**

10 |     Under 42 U.S.C. § 405(g), this court reviews the Commissioner's

11 | decision to determine if: (1) the Commissioner's findings are supported

12 | by substantial evidence; and, (2) the Commissioner used proper legal

13 | standards.   Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).

14 | Substantial evidence means "more than a mere scintilla," Richardson v.

15 | Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.

16 | Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

17 |     When the evidence can reasonably support either affirming or

18 | reversing the Commissioner's conclusion, however, the Court may not

19 | substitute its judgment for that of the Commissioner.   Flaten v.

20 | Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.

21 | 1995).   The court has the authority to affirm, modify, or reverse the

22 | Commissioner's decision "with or without remanding the cause for

23 | rehearing." 42 U.S.C. § 405(g).   Remand is appropriate where additional

24 | proceedings would remedy defects in the Commissioner's decision.

25 | McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

26 |

27 |

28 |

1                           **DISCUSSION**

2   1.   The Sequential Evaluation

3       A person is "disabled" for the purpose of receiving social security

4 benefits if he or she is unable to "engage in any substantial gainful

5 activity by reason of any medically determinable physical or mental

6 impairment which can be expected to result in death or which has lasted

7 or can be expected to last for a continuous period of not less than 12

8 months."  42 U.S.C. § 423(d)(1)(A).

9       The Commissioner has established a five-step sequential evaluation

10 for determining whether a person is disabled.  First, it is determined

11 whether the person is engaged in "substantial gainful activity."  If so,

12 benefits are denied.

13       Second, if the person is not so engaged, it is determined whether

14 the person has a medically severe impairment or combination of

15 impairments.  If the person does not have a severe impairment or

16 combination of impairments, benefits are denied.

17       Third, if the person has a severe impairment, it is determined

18 whether the impairment meets or equals one of a number of "listed

19 impairments." If the impairment meets or equals a "listed impairment,"

20 the person is conclusively presumed to be disabled.

21       Fourth, if the impairment does not meet or equal a "listed

22 impairment," it is determined whether the impairment prevents the person

23 from performing past relevant work.  If the person can perform past

24 relevant work, benefits are denied.

25       Fifth, if the person cannot perform past relevant work, the burden

26 shifts to the Commissioner to show that the person is able to perform

27 other kinds of work.  The person is entitled to benefits only if the

28

1  person is unable to perform other work.  20 C.F.R. §§ 404.1520, 416.920;

2  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

3  2.    Issues

4       A.    Treating Physician's Opinion (Issue #1)

5       Plaintiff contends that, in assessing plaintiff's RFC, the ALJ

6  failed to properly consider the treating physician's opinion that

7  plaintiff must avoid repetitive motion with her right elbow.  The ALJ

8  concluded that plaintiff retains the RFC to perform a range of medium

9  work activity.   (TR 31).    More specifically, the ALJ assessed

10 plaintiff's RFC as follows:

11      [Plaintiff] retains the residual functional capacity to lift
        and carry fifty pounds occasionally and twenty-five pounds
12      frequently, stand and/or walk for about six out of eight
        hours, and sit for about six hours in an eight hour workday;
13      she can frequently grasp, finger, and handle.

14 (TR 31).[2]  In arriving at this assessment, the ALJ relied upon the

15 opinions of the consultative physicians and the State Agency review

16 physicians.  (See TR 29).

17      As the ALJ noted in his decision, consultative othropedist Anh-Tat

18 Hoang, M.D., opined based upon his examination of plaintiff that

19 plaintiff is able to lift and carry fifty pounds occasionally and

20 twenty-five pounds frequently, stand and/or walk for six out of eight

21 hours, and sit without limitation.    (TR 29; see also TR 268).

22 Similarly, following her examination of plaintiff, consultative

23 internist Concepcion A. Enriquez, M.D., concluded that plaintiff can

24 lift and carry fifty pounds occasionally and twenty-five pounds

25

26      [2]Medium work involves lifting no more than 50 pounds at a
   time with frequent lifting or carrying of objects weighing up to
27 25 pounds.  20 C.F.R. § 415.967(c).

28
                                    5

1 | frequently, stand and/or walk for six out of eight hours, sit for six

2 | hours in an eight-hour workday, and can frequently finger, grasp, and

3 | handle.  (TR 29; <u>see also</u> TR 278).  Based upon their review of the

4 | record, State Agency review physicians also determined that plaintiff

5 | can lift and carry fifty pounds occasionally and twenty-five pounds

6 | frequently, stand and/or walk for six out of eight hours, sit for six

7 | hours in an eight-hour workday, and can frequently finger, grasp, and

8 | handle.  (TR 29; <u>see also</u> TR 281-88).

9 | Plaintiff argues, however, that the ALJ's RFC assessment is

10 | contrary to the statement of treating physician Songkham Wu, M.D., in a

11 | June 17, 2002 progress note that plaintiff should avoid too much

12 | repetitive motion with her right elbow.[3]  (<u>See</u> TR 311).  For the reasons

13 | discussed below, this court disagrees.

14 | A treating physician's opinion generally is entitled to great

15 | weight.  <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995)

16 | (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)); <u>Sprague</u>

17 | <u>v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987).  "The treating

18 | physician's opinion is not, however, necessarily conclusive as to either

19 | a physical condition or the ultimate issue of disability."  <u>Andrews v.</u>

20 | <u>Shalala</u>, 53 F.3d at 1041 (citing <u>Magallanes v. Bowen</u>, 881 F.2d at 751).

21 | The weight given a treating physician's opinion depends on whether it is

22 | supported by sufficient medical data and is consistent with other

23 | evidence in the record.  <u>See</u> 20 C.F.R. § 416.927.

24 |

---

25 | [3]A February 2002 progress note indicates that plaintiff reported right elbow pain on and off for the past six months.

26 | (TR 203).  As the ALJ stated in his decision, plaintiff was diagnosed as suffering from right lateral epicondylitis.  (TR 25;

27 | <u>see also</u> TR 310).

28 |

1    "The ALJ may disregard the treating physician's opinion whether or

2    not that opinion is contradicted." Andrews v. Shalala, 53 F.3d at 1041

3    (citing Magallanes v. Bowen, 881 F.2d at 751).  A medical opinion is

4    considered uncontroverted if all the underlying medical findings in the

5    record of plaintiff's physical impairments are similar.  Sprague v.

6    Bowen, 812 F.2d at 1230.  To reject the uncontroverted opinion of

7    plaintiff's physician, the ALJ must present clear and convincing reasons

8    for doing so.  Andrews v. Shalala, 53 F.3d at 1041 (citing Magallanes v.

9    Bowen, 881 F.2d at 751).  If the treating physician's opinion is

10   contradicted by other doctors, the Commissioner may not reject the

11   opinion without providing "specific and legitimate reasons" for doing so

12   which are supported by substantial evidence.  Rollins v. Massanari, 261

13   F.3d 853, 856 (9th Cir. 2001) (citing Reddick v. Chater, 157 F.3d 715

14   (9th Cir. 1998)).  See also Tonapetyan v. Halter, 242 F.3d 1144, 1148-49

15   (9th Cir. 2001).

16       Here, plaintiff's treating physician, Songkham Wu, M.D., opined in

17   a June 17, 2002 progress note that plaintiff should avoid too much

18   repetitive motion with her right elbow.  (See TR 311).  First, Dr. Wu's

19   preclusion of repetitive right elbow motion is not inconsistent with the

20   ALJ's determination that plaintiff can perform a range of medium work

21   activity, *i.e.*, that plaintiff can lift and carry fifty pounds

22   occasionally and twenty-five pounds frequently and can frequently

23   finger, grasp, and handle.  (See TR 31).  Dr. Wu did not assess any

24   additional functional limitations in the progress note.  (TR 311).

25       Second, Dr. Wu did not state the basis for, or cite to any

26   objective findings in support of, the preclusion of repetitive right

27   elbow motion.  (Id.)  As the ALJ explained in his written decision, in

28                                      7

February 2002, plaintiff retained good range of motion of her right elbow despite her complaints of elbow pain. (TR 29; see also TR 337). Nor was plaintiff's elbow swollen. (Id.) Significantly, a February 2002 x-ray of plaintiff's right elbow was normal. (TR 28; see also TR 339). Moreover, in September 2002, plaintiff's range of elbow motion was grossly within normal limits bilaterally. (TR 29; see also 276).

Third, Dr. Wu did not submit a physical RFC assessment. Rather, after the ALJ issued his written decision, plaintiff submitted to the Appeals Council a July 13, 2004 physical RFC questionnaire completed by a different treating physician. (TR 477-81). Significantly, in the questionnaire, the treating physician indicated that plaintiff is a malingerer. (TR 478). The physician also indicated that plaintiff's impairments are not reasonably consistent with her symptoms and functional limitations. (Id.)

Finally, this court observes that, at the October 9, 2003 hearing, plaintiff did not mention her right elbow pain when the ALJ asked her why she cannot work. (TR 43). Indeed, the ALJ himself had to raise plaintiff's alleged right elbow impairment after plaintiff failed to mention it in her testimony. (TR 55).

In sum, the court concludes that the ALJ's RFC assessment is supported by substantial evidence and is free from material legal error. See Batson v. Commissioner of the Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole," or "by objective medical findings"); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ may properly reject plaintiff's treating physician's conclusions regarding plaintiff's

1 limitations where such conclusions are not supported in the physician's

2 own treatment notes).

3        B.    Plaintiff's Credibility (Issue #2)

4        Plaintiff contends that the ALJ failed to articulate clear and

5 convincing reasons for rejecting plaintiff's testimony.

6        The Commissioner's assessment of plaintiff's credibility should be

7 given great weight.  Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.

8 1985).  "Generally, a [plaintiff's] credibility becomes important at the

9 stage where the ALJ is assessing [RFC], because the [plaintiff's]

10 subjective statements may tell of greater limitations than can medical

11 evidence alone."  Tonapetyan v. Halter, 242 F.3d at 1147.  For this

12 reason, the ALJ may not reject plaintiff's testimony regarding

13 plaintiff's limitations merely because they are not supported by

14 objective evidence.  Id. at 1147-48 (citing Fair v. Bowen, 885 F.2d 597,

15 602 (9th Cir. 1989)).  In assessing plaintiff's credibility, the ALJ may

16 use "ordinary techniques of credibility evaluation," such as considering

17 plaintiff's reputation for truthfulness and any inconsistent statements

18 in plaintiff's testimony.  Id. at 1148.  The ALJ must give specific,

19 convincing reasons for rejecting plaintiff's subjective statements.  Id.

20 (citing Fair v. Bowen, 885 F.2d at 602)).  See also Bunnell v. Sullivan,

21 947 F.2d 341, 343 (9th Cir. 1991).

22        In this case, as noted by the ALJ, plaintiff testified at the

23 administrative hearing that she feels burning pain in her right arm,

24 right shoulder, and neck, and that she also experiences pain from her

25 right ankle to her hip.  (TR 30; see also 43-44).  Plaintiff also stated

26 that she feels a burning sensation in her fingers and cannot grasp

27 things.  (TR 30; see also TR 57-58).  She reported that she gets relief

28
                                    9

1  with massage treatment, and that the medication helps "a little." (TR

2  30; see also TR 44-45, 49).  Plaintiff admitted that her dizziness is

3  relieved with medication.  (TR 30; see also TR 51-53).  According to

4  plaintiff, she can stand for one hour at a time, walk for one block, and

5  lift five pounds.  (TR 30; see also TR 59-61).

6      The ALJ concluded that plaintiff's allegations were not wholly

7  credible for a number of reasons.  (TR 30).  First, the ALJ reasoned

8  that plaintiff's medically determinable impairments do not reasonably

9  explain the degree of limitations alleged.  (Id.)  The ALJ noted that

10 plaintiff's range of joint motion remains within normal limits, her gait

11 remains within normal limits, and she has no neurological deficit.  (TR

12 30; see also TR 265-68, 276-78).  Elsewhere in his decision, the ALJ

13 stated that, in February 2002, an x-ray of plaintiff's right elbow was

14 normal.  (TR 28; see also TR 339).  The ALJ also explained that, in

15 April 2002, x-rays of plaintiff's cervical spine were normal.  (TR 28-

16 29; see also TR 323).  In June 2000, x-rays of plaintiff's right knee

17 were inconclusive.  (TR 29; see also TR 376).  While the ALJ could not

18 rely exclusively on the lack of objective medical evidence to reject

19 plaintiff's testimony, the lack of objective medical evidence

20 corroborating plaintiff's complaints is a relevant factor. See Rollins

21 v. Massanari, 261 F.3d at 857 ("the medical evidence is still a relevant

22 factor in determining the severity of [plaintiff's] pain and its

23 disabling effects") (citing 20 C.F.R. § 404.1529(c)(2)).

24     Here, the ALJ provided additional reasons for rejecting plaintiff's

25 testimony.  (See TR 30-31).  The ALJ stated that plaintiff has not been

26 referred to a pain management specialist, and he found no evidence of

27 emergency room visits for treatment of pain.  (TR 30).  Conservative

28

1  treatment is an appropriate basis to discount subjective complaints.

2  See Fair v. Bowen, 885 F.2d at 604; see also 20 C.F.R. § 416.929(c)(3)

3  (specifying that treatment is a factor in assessing the credibility of

4  pain allegations); Social Security Ruling ("SSR") 96-7p (same).

5       With respect to plaintiff's allegation of persistent burning in her

6  hands, the ALJ stated that there were no such complaints in the medical

7  records.  (TR 30).  This court notes, however, that an August 15, 2002

8  physician progress note indicates plaintiff complained of pain in her

9  hands and fingers.  (TR 304).  However, since plaintiff's allegation is

10 not mentioned elsewhere, the record does not support plaintiff's claim

11 that the pain is persistent.

12      Next, the ALJ reasoned that plaintiff does not appear to take her

13 condition seriously.  (TR 30).  Among other things, the ALJ noted that

14 while plaintiff's doctors have recommended walking for exercise and a

15 low-fat diet (see TR 337, 375, 377), plaintiff's weight has remained the

16 same.   (TR 30; see also TR 275, 378).   The ALJ further noted that

17 plaintiff, who is obese (see TR 275), did not keep an appointment for a

18 cardiac nutrition class.  (TR 30; see also TR 388).

19      The ALJ also reasoned that while plaintiff has reported that she

20 has difficulty walking, doctors have recommended that she walk daily for

21 exercise.  (TR 31; see also TR 337, 375).

22      Finally, the ALJ reasoned that it appears that plaintiff is not

23 motivated to work.  (TR 31).  The ALJ noted that, in October 1999,

24 plaintiff reported that she felt stress about her lack of a job, but

25 wanted to remain on General Relief.  (Id.; see also TR 418).  The ALJ

26 explained that while plaintiff does not allege disability until December

27 1998, her last substantial gainful activity was ten years earlier in

28
                                  11

1988.  (TR 31; see also TR 111-14).  At the administrative hearing, plaintiff testified that she was a common law wife, and that her significant other did not want her to work.  (TR 62-63).

    The court finds that these reasons, in their totality, constitute legally sufficient reasons for discrediting plaintiff's testimony.

## CONCLUSION

    If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner.  Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.  After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error.  Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

    This opinion constitutes the court's findings of fact and conclusions of law.


DATED: 8/25/2005

                                        /s/
                              Carolyn Turchin
                              UNITED STATES MAGISTRATE JUDGE

12